UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

INTERLOGIC OUTSOURCING, INC.

Plaintiff,

v.                                          CAUSE NO. 3:18CV300- PPS/MGG

ONESOURCE VIRTUAL, INC.,

Defendant.

OPINION AND ORDER

When a party moves for summary judgment precipitously, there is a procedural
device under Federal Rule of Civil Procedure 56(d) that enables the responding party to
ask the court to tap the brakes and allow it time to take some discovery because they
can't otherwise respond to the motion.  But the party invoking this rule has to submit an
affidavit to the court explaining why it is not yet possible to respond to the summary
judgment motion.  The defendant in this matter, Onesource, has invoked Rule 56(d) in
response to the motion for partial summary judgment filed by the plaintiff, Interlogic
Outsourcing.  Because it is clear to me that Onesource needs to take some discovery
before effectively responding to Interlogic's motion for summary judgment, I will deny
Interlogic's motion for partial summary judgment without prejudice.

Here is a brief sketch of the facts that led to this commercial dispute involving
the sale of computer software. The facts come mostly from the complaint and a few
documents attached to the motion and response because no discovery has been taken in
the case yet. Back in 2011, Interlogic entered into an agreement with a company known
as Crystal Solutions to purchase computer software that would be used by Interlogic for
the purpose of computing federal, state and local income tax withholdings to be

deducted from employees' pay. The parties call this the "TaxEx" software, and I will too. Under the agreement, Crystal Solutions agreed "to sell, transfer and assign to [Interlogic] ownership rights to all software codes and copyright ownership for the Software Product and all codes and copyrights related to future improvements, modifications, enhancements and maintenance of the Software Product." Transfer Agreement at ¶ 1; DE 1-3 at 1. The Agreement allows Crystal Solutions to continue to develop and sell the TaxEx software and it limits Interlogic's use of the software to "the conduct of its business." *Id.* The agreement further mandates that "Crystal Solutions shall, at no additional cost to [Interlogic], promptly provide [Interlogic] all software codes for improvements, modifications, enhancements, and maintenance of the Software Product Phase that has been purchased, to which [Interlogic] shall, also, acquire ownership and copyright rights, subject to and consistent with the stated provision in paragraph 1 above." *Id.* at ¶ 5; DE 1-3 at 2. These obligations were reiterated in a later amendment to the agreement. *See* First Amendment to Agreement Regarding Transfer of Rights at ¶ 5; DE 1-4 at 1-2.

In September of 2015, OneSource entered into an Asset Purchase Agreement with Crystal Solutions. Under that agreement OneSource acquired the rights and obligations of Crystal Solutions in the TaxEx software. This meant that the rights to the TaxEx software that were acquired by OneSource from Crystal Solutions were expressly subject to the rights that Interlogic previously received from Crystal Solutions as described above.

The nub of the present dispute between Interlogic and OneSource is whether OneSource is obligated to provide to Interlogic the source codes to the TaxEx software. Interlogic has requested the source codes, and OneSource responded with a stiff arm. According to Interlogic, the case is an easy one. The argument goes as follows: the Transfer Agreement between Crystal Solutions and Interlogic says that Crystal Solutions (and now OneSource in its place)  must provide "all software codes" to Interlogic; "software codes" includes source codes; OneSource has refused to provide the source codes; therefore, OneSource is entitled to a partial summary judgment compelling OneSource to turn over the source code to the TaxEx software.

OneSource responded to the summary judgment motion by invoking Federal Rule of Civil Procedure Rule 56(d). Rule 56(d) states that "If a nonmovant shows by affidavit . . . that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it. . . " Fed.R.Civ.P. 56(d).  The Seventh Circuit has called this procedural device a "simple procedure" that allows the party responding to summary judgment to ask for a time out so they can collect some more facts.  *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006).  All that is required is an affidavit and a reasonable statement telling the court why additional discovery is needed to effectively respond to the motion.  *Id. See also Arnold v. Villarreal*, 853 F.3d 384, 389 (7th Cir. 2017).

OneSource has done as the rule requires: it submitted two affidavits giving specific reasons why it needs discovery to effectively respond to the summary judgment motion. (Recall that *no discovery* has been taken yet). Interlogic argues that OneSource's

affidavits are insufficient to allow discovery, but I'm at a loss to see why. The first affidavit is from Mr. Alibhai, a lawyer for OneSource, who has set out in detail the discovery he needs to take to effectively respond to the summary judgment motion. DE 39-1. For example, under the Transfer Agreement, Interlogic was required to pay Crystal Solutions for the Tax Ex software. Mr. Alibhai says that his client doesn't know if Interlogic even paid its bill to Crystal Solutions. *Id*. at ¶ 7. It needs to take third-party discovery from Crystal Solutions as well as take the deposition of Paul Witek, Interlogic's Chief Financial Officer, who said in an affidavit that Interlogic paid Crystal Solutions in full. *Id*. at ¶ 5. I see no reason why I should hamstring OneSource by forcing them to simply accept the affidavit of Mr. Witek at face value without having an opportunity to depose him on the issue of the payment.

The second affidavit is from Randy Black, OneSource's Senior Vice President of Research and Development. DE 39-7. Black tells me, essentially, that there is an ambiguity in the Transfer Agreement between Interlogic and Crystal Solutions. Recall that the agreement used the phrase "all software code" in referencing what Crystal Solutions was required to give to Interlogic as part of the deal. Mr. Black says that "software code" as used in the agreement means "object codes" which are also referred to as "machine codes." *Id*. at ¶ 3. He further tells me that OneSource's interpretation of the term "all software code" excludes source codes. *Id*. at ¶ 4. In support of this construction, he points to the Interlogic's course of conduct from 2015-2017 where it never asked for source codes for the TaxEx software. *Id*. Whether any of this makes any sense is not for me to decide at this point. The only question is whether OneSource

has demonstrated a right to take discovery so it can respond to the motion for summary judgment, and I think it has.

The parties also disagree on what certain language in the Transfer Agreement allows Interlogic to do (and not do) with respect to the TaxEx software. For example, One Source contends that, under the Transfer Agreement, Interlogic can only use the TaxEx software in the conduct of its business. OneSource argues that it needs discovery to verify that Interlogic is using the software consistent with their interpretation of the agreement. Interlogic responds that "there are simply no facts to suggest that [Interlogic] has ever used TaxEx other than in the conduct of its business." DE 47 at 4. To impress upon me that this statement must be so, Interlogic has placed it in bold in its brief as if that somehow makes it impenetrable. *Id.* Yet there is no citation supporting it which is not surprising since *no discovery has been taken in the case.* The point of discovery is to allow the parties to gather the facts. OneSource is not required to just accept what Interlogic says in a brief to the court.

ACCORDINGLY:

Defendant OneSource Virtual, Inc. has met its burden under Rule 56(d) and its motion under that rule [DE 39] is **GRANTED.** Interlogic's Motion for Partial Summary Judgment [DE 33] is **DENIED without prejudice.**

SO ORDERED on April 22, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT